Citation Nr: 1523820 
Decision Date: 06/04/15 Archive Date: 06/16/15

DOCKET NO. 13-34 473 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Roanoke, Virginia


THE ISSUE

Entitlement to service connection for bilateral hearing loss.


REPRESENTATION

Appellant represented by: Virginia Department of Veterans Services


ATTORNEY FOR THE BOARD

Roya Bahrami, Associate Counsel


INTRODUCTION

The Veteran served on active duty from June 1965 to June 1967. He is the recipient of the Combat Infantryman Badge.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a December 2012 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Nashville, Tennessee.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Veteran contends that his in-service exposure to loud noise as an infantry rifle platoon leader caused his current hearing loss disability. VA has conceded noise exposure due to combat.

The October 2012 VA examiner opined that, since the in-service audiograms were normal, it was less likely as not that the Veteran's current hearing loss disability was incurred in, or due to service. In support of his opinion, the examiner cited a 2006 Institute of Medicine study, which stated that there was an insufficient scientific basis to conclude that permanent hearing loss directly attributable to noise exposure will develop long after such noise exposure.

In January 2014, the Veteran submitted a November 2009 abstract from the Harvard Medical School Journal of Neuroscience which states, "Overexposure to intense sound can cause temporary or permanent hearing loss [...] Results suggest that noise-induced damage to the ear has progressive consequences that are considerably more widespread than are revealed by conventional threshold testing."

Because the November 2009 article was not of record at the time of the October 2012 VA examination, it was not considered or addressed by the examiner. Consequently, an addendum opinion should be obtained addressing this new and relevant medical information. See Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). 

Accordingly, the case is REMANDED for the following action:

1. Obtain an appropriate addendum VA medical opinion concerning the etiology of the Veteran's bilateral hearing loss. In providing this opinion, the VA examiner should specifically review, consider and address the medical article submitted by the Veteran in January 2014. If a new examination is deemed necessary, one should be scheduled.

2. Then, readjudicate the Veteran's claim. If any decision remains unfavorable to the Veteran, issue a supplemental statement of the case (SSOC) and provide the Veteran and his representative an opportunity to respond before returning the case to the Board.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
J. A. MARKEY
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).